IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DORIS W. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:12-cv-00015 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CENTRAL CAROLINA SURGICAL EYE | ) | |
| ASSOCIATES, P.A., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Before me are the parties' respective motions *in limine*, as well as Defendant Central Carolina Surgical Eye Associates' Rule 11 Motion for Dismissal and for Sanctions. For the reasons stated on the record in open court on March 25, 2013, the motions are disposed of as follows:

- Plaintiff's motion *in limine* regarding informed consent and known complications [ECF No. 97] is **GRANED IN PART AND DENIED IN PART**. Evidence of Plaintiff's informed consent to the June 21, 2011, cataract surgery is not relevant and will be excluded. Evidence of known complications, however, may be used only in support of the contention that a complication may arise even if a surgery is performed within the standard of care. Evidence regarding the frequency of a complication, *i.e.*, a dislocated IOL occurs in 0.2%−2.8% of cases, is not relevant and will not be admitted.

- Plaintiff's motion *in limine* regarding Plaintiff's diabetes and history of smoking [ECF No. 99] is **DENIED**. Any such evidence, however, must be causally connected to Plaintiff. Evidence that diabetes *generally* or smoking *generally* causes complications with eye sight or visual acuity is too tenuous to be relevant; the evidence must relate to Plaintiff specifically to be relevant and admissible.

- 1 -

- Defendant's motions *in limine* regarding the negligent communication claims [ECF No. 107] and Dr. Matthews's care [ECF No. 109] were adequately addressed in my ruling on the motions for partial summary judgment. [ECF No. 126.] Despite Defendant's position at argument on these motions, my ruling as to the documentation claims from that Opinion applies with equal weight here. As I said at the time, "Plaintiff may not argue that . . . Dr. Epes's post-operative note caused Plaintiff any harm. I make no ruling as to the relevancy of this evidence as it relates to other allegations of negligence or malpractice. That ruling is better suited to be rendered at trial after the parties have had a chance to see if the evidence is being used for a proper or improper purpose." (Mem. Op., Case No. 4:12-cv-15, Slip. Op. at 11 n.10, Mar. 15, 2013 [ECF No. 126].) Therefore, both motions *in limine* are **DENIED**.

- Defendant's motion *in limine* regarding other claims or lawsuits [ECF No. 111] is **GRANTED** insofar as my ruling is limited to offering such evidence in direct examination. The evidence may, however, be used for impeachment purposes. Counsel are advised that the facts of any underlying cases used for impeachment purposes are unlikely to be relevant or admissible. In the event that any attorney wishes to introduce the facts of any other claim against Defendant as evidence at trial, counsel should alert opposing counsel and the court in a bench conference prior to attempting to admit such evidence.

- Defendant's motion *in limine* regarding certain of Defendant's business operations [ECF No. 116] is **GRANTED**.

- Defendant's motion *in limine* regarding claimed damages [ECF No. 118] is **GRANTED IN PART AND DENIED IN PART**. It is granted with regard to charges for the July 21,

2011, cataract surgery, and denied in all other respects. This ruling is without prejudice as to Defendant's right to reassert the relevant arguments against certain claimed damages if the relevant foundation is lacking at trial.

- Defendant's Rule 11 motion [ECF No. 114] is **DENIED**.

The clerk is directed to forward a copy of this Order to all counsel of record.

Entered this 26th day of March, 2013.

                                          s/Jackson L. Kiser  
                                          SENIOR UNITED STATES DISTRICT JUDGE